THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CHILDREN'S GARDEN DAY CARE, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 7:16-cv-680 |
| CATLIN SPECIALTY INSURANCE COMPANY and VERICLAIM, INC., | § § § § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants Catlin Specialty Insurance Company ("Catlin") and Vericlaim, Inc. ("Vericlaim") (collectively "Defendants") hereby remove the action styled and numbered *Children's Garden Day Care vs. Catlin Specialty Insurance Company and Vericlaim. Inc.,* Cause No. C-4058-16-C, pending in the 139th Judicial District Court in Hidalgo County, Texas to the United States District Court for the Southern District of Texas, Hidalgo Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§1332, 1441, and 1446.

### I.   THE STATE COURT ACTION

1.  On August 31, 2016, Plaintiff Children's Garden Day Care ("Plaintiff") filed its Original Petition in the 139th Judicial District Court in Hidalgo County, Texas – Cause No. C-4058-16-C.

2.  Plaintiff's Original Petition alleges causes of action against Catlin for Breach of Contract, Unfair Settlement Practices under the Texas Insurance Code, Prompt Payment of Claims under the Texas Insurance Code, Agency, and Breach of the Duty of Good Faith and Fair Dealing, and a cause of action against both Defendants for Unfair Settlement Practices under the

Texas Insurance Code.

3. The only information regarding Plaintiff that is provided in Plaintiff's Original Petition is a statement that "Plaintiff Children's Day Care is a children's day care business in Hidalgo County, Texas." No information regarding Plaintiff's corporate structure or citizenship is contained in the Original Petition. Thus, there is not sufficient information contained in the Original Petition to ascertain whether complete diversity exists between Plaintiff and Defendants.

4. After answering and appearing in the state court action, Catlin sent Plaintiff an interrogatory asking for information regarding the corporate structure and citizenship of Plaintiff. On December 8, 2016, Plaintiff responded with the following verified interrogatory response:

> Maria Garza is the sole owner and director of Plaintiff Children's Garden Day Care, a licensed center and child care program, which was opened in 2005. Plaintiff Children's Garden Day Care is located at 1840 West Veterans Boulevard, Palmview, Texas 78572. Plaintiff Children's Garden Day Care is a citizen of Texas, with its principal place of business in Hidalgo County, Texas.

## II. NOTICE OF REMOVAL IS TIMELY

5. The start of the 30-day period for removal under 28 U.S.C. §1446(b)(1) depends on whether jurisdictional facts revealing a basis for removal are apparent from the face of the initial pleading. If the case stated in the initial pleading is not removable on its face, a Notice of Removal may be filed within 30 days after receipt by a defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is removable. 28 U.S.C. §1446(b)(3). A discovery response obtained from the plaintiff qualifies as "other paper." *See Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir. 1992) (answers to interrogatories).

6. This case was not removable based on the face of Plaintiff's Original Petition

because there was insufficient information with which to ascertain the citizenship of Plaintiff for a diversity analysis. Defendants December 8, 2016 receipt of Plaintiff's interrogatory response was "other paper" that first allowed Defendants to ascertain that this matter is removable and started the 30-day time period to file a Notice of Removal under 28 U.S.C. §1446(b)(1).

7. Defendants file this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

### III.   VENUE IS PROPER

8. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the action has been pending is located in this district.

### IV.   BASIS FOR REMOVAL JURISDICTION

9. Removal of this action is proper under 28 U.S.C. §1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. §1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000 excluding interest, costs, and attorney's fees.

### V.   DIVERSITY

10. Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, an unincorporated business entity (a sole proprietorship) in the State of Texas, with its principal place of business is Hidalgo County. There is no legal distinction between a sole proprietor and the sole proprietorship. *W. Alliance Ins. Co. v. N. Ins. Co. of N.Y.,* 176 F.3d 825, 833 & n.2 (5th Cir. 1999) (characterizing distinctions between a sole proprietor and his sole proprietorship as "legally irrelevant"). Thus, the citizenship of the sole proprietor is determinative of the citizenship of both the sole proprietor and the sole proprietorship. *Nyamtsu v. Melgar,* No. H-13-2333, 2013 WL 6230454, at *3, fn.4 (S.D. Tex 2013) (citing *Lyerla v.*

*AMCO Ins. Co.,* 536 F.3d 684, 687 n.1 (7th Cir. 2008)); *Padre Nterprises, Inc. v. Rhea,* No. 4:11CV674, 2012 WL 1072845, at *1 (E.D. Tex 2012). For purposes of diversity citizenship, Maria Garza and thus Plaintiff are citizens of the State of Texas.[1]

11. Defendant Catlin is a corporation incorporated and existing under the laws of Delaware, with its principle place of business in Atlanta, Georgia. For purposes of diversity citizenship, Catlin Specialty Insurance Company is not a citizen of Texas.

12. Defendant Vericlaim is a corporation organized and existing under the laws of Delaware, with its principle place of business in Naperville, Illinois. For purposes of diversity citizenship, Vericlaim is not a citizen of Texas.

13. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendants.

## VI. AMOUNT IN CONTROVERSY

14. If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Defendants' burden is satisfied.[2]

15. In its Original Petition, Plaintiff seeks monetary relief over $200,000.[3]

16. Thus, it is facially apparent that Plaintiff's claims exceed the jurisdictional minimum of $75,000.01.

17. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a). Removal is therefore proper.

---

[1] *See* **Exhibit E**, Plaintiff's interrogatory response.

[2] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[3] *See* **Exhibit B**, Plaintiffs' Original Petition at ¶5, p.2.

## VII. COMPLIANCE WITH LOCAL RULE LR81

18. Pursuant to Rule LR81 of the Local Rules of the Southern District of Texas, Defendants are filing this Notice of Removal accompanied by the following exhibits:

    a. All executed process in the case, attached hereto as ***Exhibit A***

    b. Plaintiff's Original Petition, attached hereto as ***Exhibit B***

    c. Defendant Catlin's Original Answer and Affirmative Defenses, attached hereto as ***Exhibit C***

    d. Defendant Vericlaim's Original Answer, attached hereto as ***Exhibit D***

    e. Plaintiff's interrogatory response, attached hereto as ***Exhibit E***

    f. The docket sheet, attached hereto as ***Exhibit F***

    g. An index of matters being filed, attached hereto as ***Exhibit G***

    h. A list of attorneys involved in the action, attached hereto as ***Exhibit H***

## VIII. CONCLUSION

19. Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

20. Therefore, Defendants hereby provide notice that this action is duly removed.

Respectfully submitted,

By:    */s/ G. Brian Odom*
   G. Brian Odom
   State Bar No. 50511840
   S.Dist. Bar No. 24591
   BOdom@zelle.com
   LEAD ATTORNEY
   Andrew A. Howell
   State Bar No. 24072818
   S.Dist. Bar No. 1751294
   AHowell@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202
Telephone:   (214) 742-3000
Facsimile:   (214) 760-8994
**ATTORNEYS FOR DEFENDANT CATLIN SPECIALTY INSURANCE COMPANY**

By:    */s/ Jay W. Brown*
   Jay W. Brown
   State Bar No. 03138830
   S.Dist. Bar No. 1314
   jbrown@winstead.com
   LEAD ATTORNEY
   Bruce R. Wilkin
   State Bar No. 24053549
   S.Dist. Bar No. 641898
   bwilkin@winstead.com
   Cameron M. Dernick
   State Bar No. 24086895
   S.Dist. Bar No. 2609460
   cdernick@winstead.com

**WINSTEAD PC**
1100 JPMorgan Chase Tower
600 Travis Street
Houston, TX 77002
Telephone:   (713) 650-8400
Facsimile:   (713) 650-2400
**ATTORNEYS FOR DEFENDANT VERICLAIM, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Removal has been served on all the following counsel of record by electronic filing pursuant to the FEDERAL RULES OF CIVIL PROCEDURE on this 9th day of December 2016:

> Philip K. Broderick
> Texas Bar No. 24094561
> Philip@simplyjustice.com
> **ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**
> 1110 Nasa Parkway, Suite 620
> Houston, Texas 77058
> (281) 532-5529 – phone
> (281) 402-3534 – fax
>
> **ATTORNEY FOR PLAINTIFF**

*/s/ G. Brian Odom*
G. Brian Odom