# EXHIBIT B

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-4058-16-C

| | | |
|---|---|---|
| CHILDREN'S GARDEN DAY CARE, | § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | _____ JUDICIAL DISTRICT |
| CATLIN SPECIALTY INSURANCE COMPANY AND VERICLAIM | § § § | |
| Defendants. | § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Children's Garden Day Care ("Plaintiff"), and files this *Plaintiff's Original Petition with Requests for Disclosures*, complaining of Catlin Specialty Insurance Company ("Catlin") and Vericlaim ("Vericlaim") (Collectively known as "Defendants"), and for Plaintiff's causes of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff requests the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff Children's Garden Day Care is a children's day care business in Hidalgo County, Texas.

3. Defendant Catlin is a foreign insurance company engaged in the business of insurance in Texas, with its principal office located in Dover, Delaware. The causes of action asserted arose

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

from or is connected with purposeful acts committed by this Defendant. Defendant Catlin may be served via first class certified mail, return receipt requested to Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711.

4. Defendant Vericlaim is a foreign insurance adjusting company engaged in the business of insurance in Texas, with its principal office located in Naperville, Illinois. The causes of action asserted arose from or is connected with purposeful acts committed by this Defendant. Defendant Vericlaim may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend its petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant Catlin because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action asserted arose out of this Defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant Vericlaim because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action asserted arose out of this Defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9. Plaintiff Children's Garden Day Care is the owner of a Texas Commercial Property Insurance Policy (hereinafter referred to as "the Policy"), which was issued as policy number

Page 2

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

4201300790 by Defendant Catlin. At all times, Plaintiff owned the insured business property, which is specifically located at 1840 W. Veterans Boulevard, Palmview, Texas 78572, in Hidalgo County (hereinafter referred to as "the Property").

10. Defendant Catlin sold the Policy insuring the Plaintiff's property to Plaintiff. Defendant Catlin represented to Plaintiff that the policy included wind and hailstorm coverage for damage to Plaintiff's Property. Defendant Catlin has refused that coverage which includes, but is not limited, to the replacement of the composition shingle roof and its accompanying components.

11. On or about March 26, 2015, a hail and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's business property ("the Storm"). Specifically, the Property's composition shingle roof sustained extensive damage during the Storm, including but not limited to, the composition shingles, roofing felt, asphalt starter-course, ridge and hip cap, valley metal, step flashing, four (4) pipe jacks, split boot and drip edge. Further, the Storm caused wind and/or hail damage to the Property's elevations, including the trim boards, fascia, soffits, and window screens. Additionally, the Storm caused wind lifted/torn composition shingles, allowing water to enter and damage the interior of Plaintiff's property, including the kitchen, playroom, and hallway.

12. As a result of the Storm, Plaintiff's Property sustained damage. Thereafter, Plaintiff submitted an insurance claim to Defendant Catlin against the Policy, referenced above, for damages to the Property, and was assigned claims number 100-00-00855 by Defendant Catlin.

13. Thereafter, Defendant Catlin hired an adjusting company, Defendant Vericlaim to provide adjustment for Plaintiff's claim.

14. Defendant Vericlaim improperly trained and/or supervised the individual adjuster assigned to perform the inspection of Plaintiff's property damage, and failed to perform a thorough investigation of Plaintiff's claim, resulting in a substandard inspection and undervaluation of Plaintiff's property. Specifically, Defendant Vericlaim erroneously concluded in its initial estimate

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

that there was minimal damage to the Property's composition shingle roof and the accompanying components.

15. As a result of Defendants Catlin and Vericlaim's wrongful acts and/or omissions set forth above and further described herein, Plaintiff was denied sufficient coverage of its claim and has suffered damages.

16. Together, Defendants Catlin and Vericlaim set about to deny sufficient coverage on properly covered damages. Defendants Catlin and Vericlaim misrepresented to Plaintiff that the Policy would cover damages sustained to the Property's composition shingle roof, its accompanying components and interior water damages, in the event of a wind and/or hail storm. Thereafter, Defendant Catlin failed to provide sufficient coverage for the damages sustained by the Property, thereby denying payment on Plaintiff's claim. As a result of Defendants' wrongful acts and/or omissions set forth above and further described herein, Plaintiff was denied sufficient coverage of its claim and has suffered damages.

17. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which it is entitled under the Policy.

18. As detailed in the paragraphs below, Defendant Catlin wrongfully denied Plaintiff's claims for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

19. To date, Defendant Catlin continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to its Property.

20. Defendant Catlin failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant Catlin refused to pay the full proceeds due under the Policy, although demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. Defendant Catlin's conduct constituted a breach of the insurance

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

contract between Defendant Catlin and Plaintiff.

21. Defendants Catlin and Vericlaim misrepresented to Plaintiff that the Property damages were not the result of wind and/or hail damages to the Property. Defendants Catlin and Vericlaim's conduct constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22. Defendants Catlin and Vericlaim failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants Catlin and Vericlaim's conduct constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23. Defendants Catlin and Vericlaim failed to offer Plaintiff any compensation. Furthermore, Defendants Catlin and Vericlaim did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any reasonable explanation for the failure to adequately settle Plaintiff's claim. The conducts of Defendants Catlin and Vericlaim was a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24. Defendants Catlin and Vericlaim failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Catlin and Vericlaim. The conduct of Defendants Catlin and Vericlaim constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25. Defendants Catlin and Vericlaim refused to allow for any compensation to Plaintiff, under the terms of the Policy, even though Defendant Vericlaim failed to conduct a reasonable investigation. Specifically, Defendants Catlin and Vericlaim performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conducts of Defendants Catlin and Vericlaim constituted a

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26. Defendant Catlin failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Catlin's conduct constituted a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27. Defendant Catlin failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Catlin's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28. Defendant Catlin failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for its claim. Defendant Catlin's conduct constituted a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29. From and after the time Plaintiff's claim was presented to Defendant Catlin, the liability of Defendant Catlin to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Catlin has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Catlin's conduct constituted a breach of the common law duty of good faith and fair dealing.

30. Defendants Catlin and Vericlaim knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information

Page 6

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

from Plaintiff.

31. As a result of Defendants Catlin and Vericlaim's wrongful acts and/or omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## CAUSES OF ACTIONS:

### CAUSES OF ACTIONS AGAINST DEFENDANTS CATLIN AND VERICLAIM

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. Defendant Catlin assigned Defendant Vericlaim as the adjuster on its behalf. During its investigation, Defendant Vericlaim failed to properly assess Plaintiff's property damage. Specifically, during its investigation, Defendant Vericlaim spent an inadequate time investigating whether Plaintiff's damages were covered under the Policy. Despite the inadequate and substandard investigation, Defendant Vericlaim completely failed to account for sufficient damages to the Property.

33. Defendants Catlin and Vericlaim's conduct constituted multiple violations of the Texas insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.151.

34. Defendant Vericlaim is individually liable for its unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Defendants Catlin, because Defendant Vericlaim is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

subjecting him or her to individual liability)).

35. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants Catlin and Vericlaim's misrepresentations by means of deceptive conducts include, but is not limited to, (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff had no damages when in fact there was; (3) using its own statements about the non-severity of the damages as a basis for denying properly covered damages; and (4) failing to provide an adequate explanation for giving no compensation for Plaintiff's claims. Defendants Catlin's and Vericlaim's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendants Catlin's and Vericlaim's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. The unfair settlement practices of Defendants Catlin and Vericlaim as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendants Catlin and Vericlaim did not adequately explain why damages was not being covered under the Policy, despite the extensive damage to the Property as a result of the wind and/or hailstorm. Defendants Catlin's and Vericlaim's unfair settlement practice, as described

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constituted an unfair method of competition and an unfair and deceptive act of practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendants Catlin's and Vericlaim's deceptive acts and omissions of misrepresenting an insurance policy by making false and misleading statements of material fact, and making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(1)-(3), (5).

## CAUSES OF ACTION AGAINST DEFENDANT CATLIN

40. Defendant Catlin is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## COUNT ONE: BREACH OF CONTRACT

41. Defendant Catlin's conduct constituted a breach of the insurance contract made between Defendant Catlin and Plaintiff.

42. Defendant Catlin's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constituted a breach of Defendant Catlin's insurance contract with Plaintiff.

## COUNT TWO: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

43. Defendant Catlin's conduct constituted multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article is made actionable by TEX. INS. CODE §541.151.

44. Defendant Catlin's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constituted an unfair method of

Page 9

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

45. Defendant Catlin's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

46. Defendant Catlin's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of Plaintiff's claim, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

47. Defendant Catlin's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

48. Defendant Catlin's unfair settlement practice, as described above, of refusal to pay Plaintiff's claim without conducting a reasonable investigation, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### COUNT THREE: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

49. Defendant Catlin's conduct constituted multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article is made actionable by TEX. INS. CODE §542.060.

50. Defendant Catlin's failure to acknowledge receipt of Plaintiff's claim, commence

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

investigation of the claim, and requests from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constituted a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

51. Defendant Catlin's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constituted a non-prompt payment of the claim. TEX. INS. CODE §542.056.

52. Defendant Catlin's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constituted a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### COUNT FOUR: ACTS CONSTITUTING ACTING AS AGENT

53. As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Vericlaim is an agent of Defendant Catlin based on Defendant Catlin's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, selling insurance, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

54. Separately, and/or in the alternative, as referenced and described above, Defendant Catlin ratified the acts, negligent hiring and training, supervision and/or omissions of Defendant Vericlaim, including the completion of its duties under the common law and statutory law.

### COUNT FIVE: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

55. Defendant Catlin's conduct constituted a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

56. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary cis and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which

Page 11

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

recognizes that a special relationship exists as a result of Plaintiff's (the policyholder) and Defendant Catlin's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that Defendant Catlin, like other insurers, controls entirely the evaluation, processing and denial of claims.

57. At the time of Defendant Vericlaim's inspection and/or investigation, upon which Defendant Catlin relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, Defendant Vericlaim repeatedly tried to wrongfully minimize Plaintiff's losses. For example, Defendant Vericlaim failed to investigate and acknowledge more than minimal damage of Plaintiff's covered damages in its report, and failed to give Plaintiff an adequate explanation as to why so many of the damages were denied, despite the extensive damage to the Plaintiff's Property. Defendant Catlin ultimately approved the denial of coverage. By not accounting for all the covered damages, Defendants Catlin and Vericlaim did not inspect and evaluate the Property as if it were their own property. Thus, Defendant Catlin's investigation and evaluation were not reasonable, and Defendant Catlin lacked a reasonable basis for denying payment for Plaintiff's covered damages. As a result, Defendant Catlin's overall conduct in handling Plaintiff's claim was not reasonable.

58. Defendant Catlin's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Catlin knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constituted a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

59. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

## DAMAGES

60. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitutes the producing causes of the damages sustained by Plaintiff.

61. As previously mentioned, the damages caused by the March 26, 2015 wind and/or hail storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to the Plaintiff. These damages are a direct result of all of the Defendant's mishandling of Plaintiff's claim in violation of the laws set forth herein.

62. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

63. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times its actual damages. TEX. INS. CODE §541.152.

64. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

65. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

66. For violations of the DTPA, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three times its actual damages.

67. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the

Electronically Filed
8/31/2016 2:57:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4058-16-C

services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUESTS FOR DISCLOSURE

68. Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendants Catlin and Vericlaim each disclose, within fifty (50) days of service of this requests, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

By: /s/ *Philip K. Broderick*
Philip K. Broderick
State Bar of Texas Number: 24094561
1110 Nasa Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281)402-3534
Email: Philip@simplyjustice.com
***ATTORNEY FOR PLAINTIFF
CHILDREN'S GARDEN DAY CARE***